UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:15-cv-00243-GZS |
| | ) | |
| SCOTT LANDRY, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION
ON MOTION FOR BAIL PENDING HABEAS RULING**

In June 2015, Petitioner Frank Inman filed a petition seeking relief pursuant to 28 U.S.C. § 2254, in which petition he alleges that his Maine sentence for theft of a van violates his Fifth Amendment right against double jeopardy because he was convicted of the possession of a stolen van in New Hampshire. (Petition, ECF No. 1 at 1.) This Court ordered the State to answer the petition on or before September 10, 2015. The State has not yet filed its response to the petition.

On July 20, 2015, Petitioner filed a motion for bail. (ECF No. 6.) Petitioner asserts that (1) he has Huntington's disease and is being denied proper medical treatment in prison; and (2) staff is retaliating against him in various ways, including: preventing him from having contact with his family; interfering with mail between Petitioner and his family; preventing him from attending rehabilitation and educational programs; conducting a room search; depriving him of water and envelopes; denying him access to his legal work; failing to provide appropriate food following a tooth extraction; failing to provide food at all at times; preventing a transfer or entry into a supervised community confinement program; and depriving him of clean clothes for several months. (*Id.* at 1-2.) Petitioner also asserts that his difficulties in prison have caused his father, who is in poor health, significant distress, which in turn is causing Petitioner distress. (*Id.* at 3.)

Petitioner seeks bail in advance of upcoming state court hearings due to the medical hardships associated with transport to and from the hearings and anticipated incarceration in the Penobscot County jail. (*Id.*) As explained below, following a review of the pleadings, I recommend that the Court deny Petitioner's request for bail.

On a habeas petitioner's unopposed motion for bail pending the disposition of his petition for certiorari, Justice Rehnquist concluded, "it is no part of the function of the federal courts to allow bail in federal habeas review of state proceedings" in the absence of "extraordinary circumstances," even when the State did not oppose bail. *McGee v. Alaska*, 463 U.S. 1339, 1340 (1983) (Rehnquist, J.); *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J.) (concluding that a petitioner seeking bail pending review of a collateral proceeding must demonstrate a substantial question and exceptional circumstances).

The First Circuit has also noted: "While the federal power remains, we regard a petitioner who has had a full trial and appeal as in a very different posture than if there had been no prior judicial determination of his rights. Nowhere is this more significant than with regard to bail." *Glynn v. Donnelly*, 470 F.2d 95, 97 (1st Cir. 1972). In *Glynn*, the First Circuit held that after a defendant has been convicted and the conviction upheld, there is no presumption favoring bail, but rather

> the state acquires a substantial interest in executing its judgment. Quite apart from principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies. . . . Both in the district court, and on appeal, in the absence of exceptional circumstances−whatever that may include−the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.

*Id.* at 98 (citations omitted). "Release should be granted to an offender pending collateral review only when the petitioner has raised substantial constitutional claims upon which he has a high

probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United States v. Vogel*, 595 F. App'x 416, 416-17 (5th Cir. 2015) (quotation marks omitted). "This much is clear: federal courts very rarely find 'exceptional circumstances' and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims." *Blocksom v. Klee*, 2015 WL 300261, at *4 & n.2, 2015 U.S. Dist. Lexis 6974, *12 (E.D. Mi. Jan. 22, 2015) (citing *Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mi. 2003) (holding that the petitioner's grave medical condition, combined with his showing of a substantial claim of law, justified the grant of the petitioner's motion for a bond pending review of his petition)).

Here, while Petitioner has identified certain medical concerns that he believes justify bail, he has failed to assert facts that constitute "exceptional circumstances." In fact, although in one of his civil actions, Petitioner alleges that he has experienced "shaking, muscle spasms, chest pain, difficulty breathing and trouble walking or standing" (Complaint, No. 2:15-cv-00081-JAW, ECF No. 1 at 3),[1] Petitioner has not filed any evidence or records to confirm or corroborate his condition, the treatment that is required, or why his condition requires his release. Furthermore, on the current record, one cannot discern whether Petitioner's substantive claims are meritorious. In short, Petitioner has failed to demonstrate the necessary "exceptional circumstances" to justify bail.

---

[1] The Court may take judicial notice of complaints filed in related cases when neither party disputes the authenticity of the complaint. *E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986). In one of Petitioner's civil claims, he alleges that a nurse told him that he was having a panic attack relating to his surroundings in a restricted area, and he alleges that the nurse put Petitioner on a list to see the doctor and a mental health worker, but neither appointment took place. (Complaint, No. 2:15-cv-00081-JAW, ECF No. 1 at 4.) In another civil claim, Petitioner alleges that he has received improper treatment after having been diagnosed with Huntington's disease. (Complaint, No. 2:15-cv-00080-JAW, ECF No. 1 at 4.)

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court deny Petitioner's Motion for Bail (ECF No. 6).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of July, 2015.