UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00243-GZS |
| | ) | |
| | ) | |
| SCOTT LANDRY, | ) | |
| Superintendent, Maine Correctional Center, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Frank Inman seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) In 2010, Petitioner was convicted in Maine state court of burglary and theft by unauthorized taking, and he was sentenced to a term of four years in prison, with all but 90 days suspended, followed by a term of three years of probation on the burglary conviction, and to lesser terms on the theft convictions. *State v. Inman*, No. SKOSC-CR-2009-00482 (Me. Super. Ct., Som. Cnty., Apr. 7, 2010). (State Court Record ("Record"), ECF No. 8-1 at 3-4.) Petitioner argues that one of his Maine theft convictions violates the Double Jeopardy Clause because Petitioner had already been convicted of receiving stolen property in New Hampshire based on the same incident. (Petition at 1.) The State has moved for summary dismissal. (Response, ECF No. 8.)

Following a review of the petition and the State's request for dismissal, I recommend that the Court grant the State's request, and dismiss the petition.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 7, 2010, the Maine Superior Court accepted Petitioner's guilty plea and convicted him of burglary, pursuant to 17-A M.R.S. § 401(1)(B)(4) (Class B); and two counts of theft by

unauthorized taking or transfer, pursuant to 17-A M.R.S. § 353(1)(B)(4) (Class C), and 17-A M.R.S. § 353(1)(A) (Class E).  The Maine Class C theft is the only conviction at issue in Petitioner's double jeopardy claim, as that conviction and Petitioner's New Hampshire conviction for receiving stolen property involved the same Chevrolet van.  (Maine Indictment, ECF No. 1-1 at 1; New Hampshire Indictment, ECF No. 1-2 at 3.)[1]  Petitioner's Maine Class E theft conviction involved theft of food and money from the same victim from whom he stole the van.  (Maine Indictment, ECF No. 1-1 at 2.)

On the burglary conviction, the state court sentenced Petitioner to a term of four years in prison, with all but 90 days suspended, followed by a term of three years of probation.  (Record at 3-4.)  On the Class C theft conviction, the court sentenced Petitioner to a term of 90 days, to be served concurrently with the sentence for burglary.[2]  (*Id.* at 5.)  On the Class E theft conviction, Petitioner was sentenced to a term of 30 days, to be served concurrently with the sentence for burglary.  (*Id.*)  Petitioner did not appeal from the judgment, nor did he request leave to appeal from the sentence.[3]  (Record at 4-6.)

In November 2010, the State filed its first motion to revoke probation on the burglary sentence.  (Record at 6.)  In February 2011, Petitioner admitted the probation violation, and the

---

[1] Petitioner attached the Maine and New Hampshire indictments and the New Hampshire judgment and sentence to his petition; the State did not contest the authenticity of these documents.  (Maine Indictment, ECF No. 1-1; New Hampshire Indictment, Judgment, Sentence, ECF No. 1-2.)  It appears that the New Hampshire judgment is docketed at *State v. Inman*, No. 10-S-292, 294 (Mer. Cnty. Mar. 12, 2010.)  (ECF No. 1-2 at 1.)  The New Hampshire state court sentenced Petitioner to a term of twelve months of incarceration, with all but 92 days suspended.  (*Id.* at 2.)

[2] In his section 2254 petition, Petitioner mistakenly asserts that the Maine court sentenced him to four years with all but ninety days suspended on the theft charge. (ECF No. 1.)  The court imposed the four-year sentence on the burglary charge, and sentenced Petitioner to a 90 day sentence, without probation, on the theft charge.  Petitioner does not allege, nor would any such allegation have merit, that the burglary charge presents a double jeopardy issue.  The Maine court's conviction and sentence on the burglary charge, therefore, is not material to Petitioner's double jeopardy claim.

[3] A direct appeal from a Maine state court criminal judgment must be filed within 21 days after entry of the judgment from which the appeal is taken.  M.R. App. P. 2(b)(2)(A).

Court ordered Petitioner to serve a partial revocation of nine months of the suspended portion of the sentence.  (Record at 7.)  In March 2012, the State filed a second motion to revoke probation.  (Record at 8.)  In April 2012, Petitioner admitted the probation violation, and the Court again ordered a partial revocation, ordering Petitioner to serve 30 days of the suspended portion of the sentence.  (Record at 9.)  In June 2013, the State filed a third motion to revoke probation.  (Record at 10.)  Upon Petitioner's admission of the violation in November 2013, the Court ordered Petitioner's probation fully revoked and ordered Petitioner to serve two years of the suspended portion of the sentence.  (Record at 11.)  Petitioner did not request leave to appeal from any of the probation revocation orders.  (Record at 8-11.)

Petitioner alleged that he placed his section 2254 petition in the prison mailing system on June 15, 2015.  (Petition at 1.)  The petition was filed on June 22, 2015.  (*Id.*)

The State moved to dismiss the petition on four grounds: (1) Petitioner was not in custody under the judgment he challenges on the date on which he placed his 28 U.S.C. § 2254 petition into the prison mailing system; (2) the petition is untimely; (3) the claim is procedurally defaulted; and (4) the claim lacks merit.  (Response, ECF No. 8 at 3-4.)

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), habeas relief may not be granted unless a prisoner is in custody pursuant to the judgment he challenges, and, pursuant to 28 U.S.C. § 2244(d), the petition must be filed within one year of either the date of final judgment or certain other events that are not applicable to this petition.[4]

---

[4] Title 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A review of the petition reveals that Petitioner is not entitled to relief under section 2254. First, Petitioner is not in custody with respect to the Maine state court Class C theft judgment that he challenges.  Petitioner has completed the 90-day sentence for the conviction, which he served concurrently with his sentence for the burglary conviction.  (Record at 5.)  In fact, Petitioner was released from custody after he served the sentence for theft and the original unsuspended portion of the sentence for burglary.  When Petitioner's probation was revoked, he was ordered to serve the previously suspended portion of the burglary sentence. He was thus returned to custody on the burglary conviction only.  A petitioner may not seek habeas relief from an expired sentence, despite the fact that he may remain in custody serving a sentence for another conviction.  *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted"); *Mays v. Dinwiddie*, 580 F.3d 1136, 1137, 1140-41 & n.1 (10th Cir.

---

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

There are no facts in the petition that invoke section 2244(d)(1)(B), (C), or (D); therefore, the limitation period in this case is determined by application of section 2244(d)(1)(A).

2009) (holding that the petitioner was not in custody for purposes of section 2254(a) given that the sentence he was challenging had expired).

In addition, the petition was not filed timely. Because Petitioner did not appeal from the Maine state court judgment on the theft convictions, the judgment became final, for purposes of section 2244(d)(1)(A), on April 28, 2010, which was 21 days after the April 7, 2010, date of conviction. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not appeal, "the judgment becomes final . . . when the time for pursuing direct review in this Court, or in state court, expires"). Petitioner did not file his section 2254 petition within the one-year period of limitation, which, pursuant to 2244(d)(1)(A), ended on April 28, 2011.

Furthermore, in its answer and request for dismissal, the State asserts the affirmative defense that the claim is procedurally defaulted because Petitioner did not exhaust his state court remedies before seeking relief in federal court. *See* 28 U.S.C. § 2254(b).[5] The requirement of exhaustion of state remedies "has its genesis in the principle that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Sanchez v. Roden*, 753 F.3d 279, 294 (1st Cir. 2014) (quotation marks

---

[5] Title 28 U.S.C. § 2254(b) states:

> **(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> > **(A)** the applicant has exhausted the remedies available in the courts of the State; or
> >
> > **(B)(i)** there is an absence of available State corrective process; or
> >
> > **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

omitted).  The record establishes that Petitioner did not seek post-conviction relief in state court and, therefore, did not exhaust his state court remedies before filing a federal petition.  Because Petitioner cannot demonstrate that the claim falls within any of the exceptions to the exhaustion requirement, Petitioner is foreclosed from seeking relief in federal court.  *See* 28 U.S.C. § 2254(e).[6]

Finally, Petitioner's double jeopardy claim lacks merit.  The Double Jeopardy Clause provides that no person shall "be subject for the same [offense] to be twice put in jeopardy of life or limb."  U.S. Const. art. V.  In *Heath v. Alabama*, 474 U.S. 82, 88 (1985), the Supreme Court held that "successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause."  Consequently, even if Petitioner establishes that the Maine and New Hampshire prosecutions were based on the same conduct, the Maine conviction and sentence did not subject Petitioner to double jeopardy.[7]  *See id.*

---

[6] Title 28 U.S.C. § 2254(e) states in part:

> **(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> **(A)** the claim relies on—
>
> > **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[7] Petitioner does not claim ineffective assistance of counsel as a cause for failure to raise the defense of double jeopardy, but if he had made such a claim, the claim would fail because Petitioner's underlying claim of double jeopardy fails on the merits.  *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) ("Since [the petitioner's] claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail.")

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2254,[8] and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of October, 2015.

---

[8] Petitioner also filed a motion to amend his petition. (ECF No. 10.)  Through the motion, Petitioner evidently seeks to supplement the petition to assert a request for relief for another individual.  Because Petitioner cannot assert a claim for another person, I recommend that the Court deny the motion to amend.