UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00243-GZS |
| | ) | |
| SCOTT LANDRY, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON MOTION FOR RECUSAL**

This matter is before the Court on Petitioner's request that I recuse from further involvement in this matter. (ECF No. 22.) In support of his request, Petitioner writes that a conflict exists because I "was involved in a criminal case of [Petitioner's] out of Kennebec County in March 2012." (Pl. Motion at 1.) Petitioner evidently maintains that recusal is required because in my prior position as a Maine State Superior Court Justice, I presided over and might one of Petitioner's state court criminal matters.[1]

The fact that a judge has previously ruled adversely on matters involving a party is not a basis for recusal. *U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988) ("the mere fact of an adverse ruling … does not – standing alone – create an inference of lack of [im]partiality") (citing *United States v. Kelley*, 712 F.2d 884, 890 (1st Cir. 1983.)) Indeed, parties often appear before the same

---

[1] While Petitioner references a Kennebec County matter, the record reflects that although some of the proceedings might have occurred in Kennebec County, the relevant state court matter was on the Somerset County docket. In this action brought pursuant to 28 U.S.C. § 2254, Petitioner contends that his conviction for receiving stolen property in New Hampshire and his conviction for theft (Class C) in Maine involved the same property and, therefore, he was subjected to double jeopardy. A review of the record in the Somerset County matter that is the subject of Petitioner's double jeopardy claim reveals that Justice M. Murphy presided over Petitioner's plea to the theft charge (Class C) in Maine, and imposed the sentence on the charge. Justice Murphy also presided over Petitioner's pleas to and imposed the sentences on a burglary charge and another theft charge (Class E), which pleas Petitioner entered at the same time he pled to the theft charge (Class C). As part of the sentence on the burglary charge, the court sentenced Petitioner to a period of probation. In May 2012, after Petitioner admitted a violation of his probation on the burglary charge, I sentenced Petitioner to thirty days in jail as a partial revocation of his probation. (ECF No. 8-1 at 9.)

judge on a variety of matters. In fact, habeas actions commenced pursuant to 28 U.S.C. § 2255 are typically considered by the judge who entered judgment against and sentenced a petitioner. *See* Rule 4, Rules Governing Section 2255 Proceedings (upon filing of a section 2255 motion, "[t]he clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence, or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged.") To the extent, therefore, that Petitioner contends that my involvement as a judge in a criminal matter to which he was a party in state court requires recusal, Petitioner's argument fails. *Liteky v. United States*, 510 U.S. 540, 551 (1994) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.").

Petitioner's motion for recusal is denied.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of December, 2015.